MEMORANDUM OPINION

 

No. 04-11-00068-CR

 

Justin Ray Cardenas,

Appellant

 

v.

 

The State of Texas,

Appellee

 

From the 226th
Judicial District Court, Bexar County, Texas

Trial Court No. 2009-CR-4420

Honorable Sid L.
Harle, Judge Presiding

 

PER CURIAM

 

Sitting:          Phylis J.
Speedlin, Justice

                     Rebecca
Simmons, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and
Filed:  March 16, 2011

 

DISMISSED FOR
LACK OF JURISDICTION

 

The trial court imposed
sentence on June 14, 2010.  Appellant timely filed a motion for
reconsideration; therefore, the notice of appeal was due to be filed on
September 14, 2010.  Tex. R. App. P. 26.2(a)(2). 
Appellant filed a pro se notice of appeal and a motion for extension of time to
file the notice of appeal on January 20, 2011.  On February 1, 2011, this court
issued an order directing appellant to show cause why this appeal should not be
dismissed for lack of jurisdiction.[1] 
Appellant has not responded to our order.  

A late notice of appeal
invokes the appellate court’s jurisdiction in a criminal case only if (1) it is
filed within fifteen days of the last day allowed for filing the notice of
appeal, (2) a motion for extension of time is filed in the court of appeals
within the fifteen-day grace period, and (3) the court of appeals grants the
motion for extension of time.  Olivo v. State, 918 S.W.2d 519, 522 (Tex.
Crim. App. 1996).  This court may not extend the time to file a notice of
appeal unless a motion for extension of time is filed in the appellate court
within fifteen (15) days after the deadline for filing the notice of appeal.  See
Tex. R. App. P. 26.3.  As noted,
appellant did not file a motion for extension within the fifteen-day grace period.
 When a notice of appeal and a motion for extension of time are
not filed within the fifteen-day grace period, the appellate court lacks
jurisdiction.  Id.; Olivo,
918 S.W.2d at 522; but see Ater v. Eighth Court of Appeals, 802 S.W.2d
241, 243 (Tex. Crim. App. 1991) (an out-of-time appeal from a final felony
conviction may be sought by filing a writ of habeas corpus in the trial court
pursuant to article 11.07 of the Texas Code of Criminal Procedure).  Accordingly,
this appeal is dismissed for lack of jurisdiction.

 

PER CURIAM

DO NOT PUBLISH









[1]
We also note that the trial court’s certification in this appeal states that
“this criminal case is a plea-bargain case, and the defendant has NO right of
appeal.”  The clerk’s record contains a written plea bargain, and the
punishment

 assessed did not exceed the punishment recommended by
the prosecutor and agreed to by the defendant; therefore, the trial court’s
certification accurately reflects that the criminal case is a plea-bargain
case.  See Tex. R. App. P.
25.2(a)(2).  Rule 25.2(d) of the Texas Rules of Appellate Procedure provides,
“The appeal must be dismissed if a certification that shows the defendant has
the right of appeal has not been made part of the record under these rules.”  Tex. R. App. P. 25.2(d).